Nathan A. Schacht, Montana Bar No. 46224074
**BAKER & HOSTETLER LLP**
1801 California St., Suite 4400
Denver, CO 80202
Telephone:  303.861.0600
Facsimile:   303.861.7805
Email:        nschacht@bakerlaw.com

Attorneys for Defendant
AUTOZONE AUTO PARTS GREAT FALLS
#3770, D/B/A AUTOZONE AUTO PARTS

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTOPHER LEE KOHLMAN,<br><br>Plaintiff,<br><br>v.<br><br>AUTOZONE AUTO PARTS GREAT FALLS #3770, D/B/A AUTOZONE AUTO PARTS,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet]<br><br>Action Filed:  December 7, 2020 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, AutoZoners, LLC ("AutoZone"), incorrectly identified in the Complaint as Auto Parts Great Falls #3770, d/b/a AutoZone Auto Parts, removes the action filed by Plaintiff, Christopher L. Kohlman ("Plaintiff"), in the Montana

1

Eighth Judicial District in and for Cascade County, Case No. BDV-20-0664 (the "State Court Action"), to the United States District Court for the District of Montana.

**JURISDICTION AND VENUE**

1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.     This Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending.  Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

**PROCEDURAL BACKGROUND OF PLEADINGS**

3.     On December 7, 2020, Plaintiff filed a complaint ("Complaint") against AutoZone in the Montana Eighth Judicial District in and for Cascade County.  On February 16, 2021, Plaintiff's counsel, acting through a courier, left a copy of the Summons and Complaint at AutoZone's Great Falls Store #3770, apparently leaving the documents with a part-time employee with no authority to accept service on AutoZone's behalf. Plaintiff has yet to effect formal service upon AutoZone as of the present date, and AutoZone has not agreed to waive service notwithstanding this

Notice. A true and correct copy of the purported Summons and Complaint is attached as Exhibit "A".

## TIMELINESS OF REMOVAL

4. This removal is timely because AutoZone filed this Petition for Removal within 30 days of receipt by AutoZone, through purported service or otherwise, of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

## DIVERSITY OF CITIZENSHIP

5. Plaintiff's Citizenship. As alleged in the Complaint, Plaintiff was "at all times pertinent hereto… a resident of Cascade County in Montana." [Compl. at ¶ 1] For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of Montana.

6. AutoZone's Citizenship. For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). By contrast, " a corporation shall be deemed to be a citizen of any State by which it has incorporation and of the State where it has its principal place of business." See 28 U.S.C. § 1332(c). A corporation's "principal place of business" is "where a

corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*. "The public often (though not always) considers it the corporation's main place of business." *Id*. at 1193.

7. The sole member of AutoZone is AutoZone Investment Corporation, an entity incorporated under the laws of the State of Nevada. Pursuant to *Hertz's* nerve center test, AutoZone Investment Corporation has its principal place of business in Tennessee. Specifically, AutoZone Investment Corporation's headquarters are located at 123 South Front Street, Memphis, Tennessee 38103. Accordingly, AutoZone is a citizen of both Nevada and Tennessee – not Montana, as Plaintiff alleges. [*See* Compl. at ¶ 2].

8. Diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiff is a citizen of Montana and AutoZone is a citizen of Nevada and Tennessee.

**AMOUNT IN CONTROVERSY**

9. Without conceding that Plaintiff is entitled to the damages he seeks or could recover damages in any amount, the purported amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000 when the

plaintiff fails to set forth any specific damage amount. *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). In this case, Plaintiff has alleged compensatory damages, punitive damages, and costs and attorney's fees. [*See* Compl. at ¶¶ 12-13, prayer for relief]. As set forth in the Declaration attached hereto as Exhibit "B," Plaintiff's compensatory damages are tied to his pre-termination wage of $27,539.20 per year, among other fringe benefits. *See Minkler v. Kramer Laboratories, Inc.*, No. CV-12-9421-JFW-FFMX, 2013 WL 12138721, at * 2 (C.D. Cal. Jan. 4, 2013) (holding that "a removing party can satisfy its burden with respect to the amount in controversy…by the use of an affidavit or declaration of a corporate representative attesting to the amount in controversy based on the allegations and relief sought in the Complaint.)

11. Calculations. As demonstrated below, the allegations in the Complaint make it more likely than not that the amount in controversy exceeds $75,000. Although AutoZone denies it is liable to Plaintiff in any amount or manner, because the Complaint does not provide more precise total calculations, AutoZone makes reasonable assumptions, as indicated below, for the claim. The assumptions are reasonable given that Courts have assumed even a 100 percent violation rate is permitted in circumstances where, as here, the Complaint does not allege a more precise total calculation. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal., 2010) ("courts have assumed a 100% violation rate . . . in

calculating the amount in controversy when the complaint does not allege a more precise calculation."); *see also Kenneth Rothschild Trust v. Morgan Stanley*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ("In measuring the amount in controversy, a court must 'assum[e] that the allegations of the complaint are true ….'") (quoting *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*.") (emphasis in original).

12. <u>Claim for Wrongful Discharge (Absence of Good Cause), Mont. Code Ann. § 39-2-901, *et. seq.*</u>. Plaintiff alleges that "he began working for [AutoZone] in November 2017." [Compl. at ¶ 4]. He further alleges that he "performed his job satisfactorily and passed his probationary period of employment." [Compl. at ¶ 10]. Plaintiff claims, in conclusory fashion, that "he was terminated [on] November 9, 2020 without good cause." [Compl. at ¶¶ 7, 11]. As such, Plaintiff alleges that AutoZone "violated the Montana Wrongful Discharge from Employment Act (WDEA) causing Plaintiff to suffer the loss of wages and benefits." [Compl. at ¶ 12]. Plaintiff offers no other allegations supporting his belief that he was terminated without good cause. [*See generally*, Compl.].

13. Pursuant to Mont. Code Ann. § 39-2-905(1), "[i]f an employer has committed a wrongful discharge, the employee may be awarded lost wages and fringe benefits for a period not to exceed 4 years from the date of discharge, together with interest on the lost wages and fringe benefits."

14. Prior to his termination, Plaintiff earned wages of approximately $27,539.20 per year. *See* Ex. B. Plaintiff's Complaint does not provide an alternative calculation of his wages and, as a result, this figure controls. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401-02 (9th Cir. 2010) (holding that amount in controversy was satisfied where plaintiff failed to provide any evidence to contradict the declaration accompanying the defendant's notice of removal).

15. Although AutoZone denies it violated § 39-2-901, *et seq.*, assuming for purposes of this analysis only that, based on his allegations, Plaintiff was wrongfully discharged, the amount in controversy for alleged compensatory wage damages is **$110,156.80**, calculated as $27,539.20 per year X 4 years. *See Korn*, 536 F. Supp. 2d at 1205 ("Where a statutory maximum is provided, courts may consider the maximum statutory penalty available in determining whether the amount in controversy requirement is met."). Even assuming, conservatively, that Plaintiff is only entitled three years of wages, the amount in controversy for alleged wage damages is at least **$82,617.60.**

7

16. <u>Total Amount in Controversy</u>.  Based on the discussion above, the amount in controversy based just on alleged wage damages is, more likely than not, in excess of $75,000. However, Plaintiff also earned fringe benefits. *See* Ex. B. Additionally, Plaintiff requests punitive damages, costs, and attorney's fees. [*See* Compl., at prayer for relief]. Without admitting that Plaintiff is entitled to any damages, and assuming for purposes of this analysis that Plaintiff could recover punitive damages, Mont. Code § 27-1-220 authorizes recovery of punitive damages up to a maximum of "$10 million or 3% of a defendant's net worth, whichever is less." To that end, the total amount in controversy is, at a minimum, in excess of the $75,000.00 statutory requirement based on Plaintiff's allegations in the Complaint and, at most, significantly higher than the statutory requirement. Even if the Court assumes that Plaintiff is only entitled to compensatory damages in the form of wages, the amount in controversy exceeds the statutory requirement.

17. Accordingly, complete diversity and amount in controversy are satisfied for jurisdiction under 28 U.S.C. §§ 1141 and 1446.  AutoZone has properly removed the State Court Action to this Court.

**<u>NOTICE</u>**

18. As required by 28 U.S.C. § 1446(d) and L.R. 3.3(a), AutoZone is providing written notice of the filing of this Notice of Removal to Plaintiff and is

filing a copy of this Notice of Removal with the Clerk of the Montana Eighth Judicial District in and for Cascade County.

Dated: March 8, 2021                     Respectfully submitted,

                                         BAKER & HOSTETLER LLP

                                         By:   */s/ Nathan A. Schacht*
                                               Nathan A. Schacht

                                         Attorneys for Defendant
                                         AUTOZONE AUTO PARTS GREAT FALLS
                                         #3770, D/B/A AUTOZONE AUTO PARTS

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT [Filed concurrently with Civil Cover Sheet]** to be served upon the following counsel of record via CM/ECF on March 8, 2021.

Patrick F. Flaherty
FLAHERTY GALLARDO LAWYERS
1026 First Ave. South
P.O. Box 1968
Great Falls, MT 59403
pat@greatfallsfirm.com

                                      */s/ Nathan A. Schacht*
                                      Nathan A. Schacht